In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated March 27, 2002, which granted the motion of the defendant Joseph Zuccarello to set aside the verdict as a matter of law insofar as asserted against him and dismissed the complaint insofar as asserted against him.
Ordered that the order is affirmed, with costs.
Pursuant to CPLR 4404 (a), the trial court “may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law.” To do so, there must be “no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Contrary to the plaintiffs’ contention, the Supreme Court properly set aside the jury verdict as a matter of law since the plaintiffs failed to provide sufficient evidence to demonstrate that the accident was proximately caused by the absence of guarding devices around the crank arms of the trommel machine in question and that the defendant Joseph Zuccarello was in any way negligent.
In light of the above, this Court need not reach the merits of Zuccarello’s remaining contention. Altman, J.P, Florio, Friedmann and Mastro, JJ., concur.